T.C. Memo. 2009-286

UNITED STATES TAX COURT

GREGORY HOUSTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24342-07.            Filed December 14, 2009.

Gregory Houston, pro se.

<u>Andrew M. Stroot</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes and additions to tax as
follows:

|       |            | Additions to Tax |                 |               |
|-------|------------|------------------|-----------------|---------------|
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6651(a)(2) | Sec. 6654(a)  |
| 2003  | $7,378     | $1,525.05        | $1,253.93       | $173.17       |
| 2004  | 4,511      | 983.70           | 546.50          | 124.81        |

The issues for decision are: (1) Whether petitioner is entitled to certain business expense deductions for taxable years 2003 and 2004; and (2) whether petitioner is liable for additions to tax for failure to file under section 6651(a)(1),[1] failure to pay under section 6651(a)(2), and failure to pay estimated taxes under section 6654 for the years at issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Maryland.

Petitioner did not file a timely return for 2002. Respondent prepared a substitute for return for 2002 and assessed tax based thereon. Petitioner subsequently submitted a return for 2002, on the basis of which respondent abated a portion of the tax previously assessed. Respondent stipulated that petitioner's income tax liability for 2002 was greater than zero after the abatement.

---

[1]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

During 2003 petitioner received $18,615 of wage income from Management Alternatives, Inc. Petitioner also received nonemployee compensation in 2003 from three sources:

| Source | Amount |
| --- | --- |
| Equals Three Communications, Inc. | $4,113 |
| American Federation of Teachers AFL | 14,887 |
| KTA Group, Inc. | 2,047 |

During 2004 petitioner received $790 of wage income from International Limousine Service, Inc., and $5,664 from Management Alternatives, Inc. Petitioner also received nonemployee compensation of $16,238 from the American Federation of Teachers and $1,908 from IP-Central, L.L.C.

Petitioner did not timely file a tax return for either of the taxable years 2003 and 2004. On April 16, 2007, respondent prepared substitutes for returns under section 6020(b) on behalf of petitioner for both years. Respondent also mailed to petitioner a Letter 2566 (30-day letter) for each of his taxable years 2003 and 2004. In those respective 30-day letters, respondent advised petitioner that respondent had no record of having received petitioner's Federal income tax returns and proposed assessments using information returns that respondent had received from third-party payers. Respondent also requested that petitioner file a tax return for each of those years.

On July 23, 2007, respondent sent petitioner notices of deficiency for 2003 and 2004. On October 22, 2007, petitioner

timely petitioned the Court claiming that he had filed his tax returns and expected a nominal refund.

On June 23, 2008, petitioner mailed undated Forms 1040, U.S. Individual Income Tax Return, to respondent for taxable years 2003 and 2004. Petitioner subsequently submitted to respondent another set of Forms 1040 for taxable years 2003 and 2004 dated September 11, 2008. In addition, on September 11, 2008, petitioner provided photocopies of several receipts and a ledger that was prepared on the same day.

OPINION

I.  Schedule C Business Expenses

Deductions are a matter of legislative grace. Taxpayers generally bear the burden of proving that they are entitled to claimed deductions. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his or her correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

The Commissioner's determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual issues may

shift to the Commissioner where the taxpayer complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for information.  Petitioner does not claim and has not shown that the burden shifts to respondent under section 7491(a).

A.  Automobile Expenses

Petitioner claimed deductions for automobile expenses of $857 and $2,215, respectively, for tax years 2003 and 2004 on his Schedules' C, Profit or Loss from Business, as business expenses. Pursuant to section 274(d), automobile expenses otherwise deductible as business expenses will be disallowed in full unless the taxpayer satisfies strict substantiation requirements.  The taxpayer must substantiate the automobile expenses by adequate records or other corroborating evidence of items such as the amount of the expense, the time and place of the automobile's use, and the business purpose of its use.  See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Maher v. Commissioner, T.C. Memo. 2003-85.  Petitioner provided gas receipts that he claimed are evidence that he had traveled to Baltimore, Pennsylvania, and New York.  Petitioner did not (1) keep records of each trip, (2) keep a log as to the business purpose of each trip, and (3) keep a record of what vehicle was used.  Gas expenses were paid from petitioner's personal checking account, and there is no

indication that expenses listed on the receipts represent expenses paid for petitioner's business activities. Therefore, petitioner is not entitled to deductions for automobile expenses.

B. Bank Charges

Petitioner claimed deductions for bank charges of $60 and $154, respectively, for 2003 and 2004. Petitioner argues that the claimed bank charges were deductible ordinary and necessary business expenses. To substantiate his claim, petitioner provided bank statements and claimed the charges were for overdraft fees during the year. Petitioner admitted that the account giving rise to the overdraft fees was in part a personal account. Petitioner has not provided any evidence showing the fees for the returned checks to be ordinary and necessary expenses of his businesses. Cf. Bailey v. Commissioner, T.C. Memo. 1991-385, affd. without published opinion 968 F.2d 25 (11th Cir. 1992). Petitioner has not sustained his burden of proving that the claimed bank charges for overdrafts were ordinary and necessary expenses of his businesses.

C. Computer Equipment and Repairs

Petitioner claimed deductions for computer equipment and repairs for 2003 and 2004 of $2,538 and $591, respectively. Petitioner claimed to have purchased a computer to maintain business records at his house. Petitioner also claimed deductions for repairing the computers as part of his moving

business.  As evidence, petitioner offered receipts from various computer stores with charges for computer equipment.

A computer is "listed property" and subject to the strict substantiation requirements of section 274(d).  Sec. 280F(d)(4)(A)(iv).  Petitioner failed to present any evidence that the computer was used for his moving business.  Further, petitioner has not shown that he did not use the computer for personal reasons.  Petitioner has failed to substantiate a Schedule C deduction relating to the computer.

Petitioner's purchase of computer equipment and/or upgrades to the computer equipment is not shown to be an ordinary and necessary business expense.  See Riley v. Commissioner, T.C. Memo. 2007-153; Wasik v. Commissioner, T.C. Memo. 2007-148.

D.    Client Entertainment

Petitioner claimed deductions for client entertainment expenses of $271 and $211, respectively, for 2003 and 2004 on his Schedules C.  Petitioner must satisfy the requirements of section 274(d) to the extent provided under the applicable regulations. Under those regulations, petitioner must maintain adequate records showing the amount, time, place, business purpose, and business relationship of the recipient.  Sec. 1.274-5T(b)(3), Temporary Income Tax Regs.  50 Fed. Reg. 46015 (Nov. 6, 1985). Petitioner testified that he would take clients and coworkers out after work for drinks and food and provided receipts from several

social establishments.  Petitioner has not met the section 274 substantiation requirements because he has not provided evidence as to the business nature of the expense.  See Henry Schwartz Corp. v. Commissioner, 60 T.C. 728 (1973).

    E.   Office Expenses/Supplies

    Petitioner claimed deductions for office expenses of $138 and $85, respectively, for 2003 and 2004 on his Schedule C. Petitioner testified that these deductions are for office paper and carbon paper.  As evidence, petitioner provided receipts for purchases made at a Staples office supply store.  Under these circumstances we may estimate the amount of deductible expenses, using our best judgment.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).  Considering the record as a whole, we find that petitioner is entitled to deductions for office expenses and supplies of $86 and $11, respectively, for 2003 and 2004.

    F.   Telephone/Internet/Faxes

    Petitioner claimed deductions for telephone, Internet, and fax expenses for his residence of $1,058 and $517, respectively, for 2003 and 2004.

    Section 262 provides that personal, living, and family expenses are not deductible unless expressly allowed, and the regulations specify that personal, living, and family expenses include utilities provided to a taxpayer's home unless the taxpayer uses a part of his home for his business.  Sec.

1.262-1(b)(3), Income Tax Regs. Section 262(b) specifically disallows any deduction for the first line of basic local telephone service provided to a taxpayer's residence. Petitioner claimed a deduction for his telephone and fax expenses in 2003 and 2004. Petitioner has provided no evidence to establish that he uses his home as a place of business. Petitioner's telephone and fax expenses are nondeductible personal expenses under section 262.

Petitioner claimed a deduction for Internet expenses. Petitioner provided monthly bills for Internet services; however, he failed to show the ratio of business to personal use. In addition, petitioner did not produce evidence that his business required him to have Internet access. The Internet expense deductions petitioner claimed are therefore disallowed.

G. <u>Parking and Taxicabs</u>

Petitioner claimed deductions for taxicabs and parking of $43 and $36, respectively, for 2003. Petitioner often traveled to meet with clients in their offices. Petitioner would either take a taxicab to these local meetings or drive himself. Petitioner presented several taxicab receipts totaling $43.

Section 274(d)(4) applies to parking expenses, but expenditures of $75 or less for transportation charges do not require documentary evidence. See sec. 1.274-5(c)(2)(iii)(A)(2), Income Tax Regs. Petitioner presented receipts from parking

garages totaling $36.  We find that petitioner is entitled to a deduction of $79 for these business expenses.

H.  Rental Expenses

Petitioner claimed deductions on his Schedule C for rental expenses in 2003 and 2004 totaling $3,542, respectively. Petitioner testified that those costs represented rental costs for shipping carts, trucks, and jacks for his moving business. At trial petitioner produced invoices of equipment rentals totaling $1,158.09 for 2003 as well as receipts for truck rentals totaling $262.26 for 2004.  We find that petitioner is entitled to the claimed deductions.

II.  Additions to Tax

Respondent determined that petitioner is liable for (1) additions to tax for failure to timely file a return under section 6651(a)(1); (2) failure to timely pay tax under section 6651(a)(2); and (3) failure to pay estimated income tax under section 6654(a), for the 2 years at issue.  The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax under sections 6651(a)(1) and (2) and 6654(a).  Sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438 (2001).  At trial petitioner conceded that there was no reasonable cause for his failure to timely file his income tax returns nor any basis for not finding that he is liable for the additions to tax.

The evidence establishes that petitioner failed to timely file income tax returns for 2003 and 2004.  Therefore, respondent has sustained his burden of proving that the additions to tax are appropriate.  See sec. 7491(c); Rule 142(a)(2).  Accordingly, we hold that petitioner is liable for the additions to tax under sections 6651(a)(1) and (2) and 6654 for the years in issue.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.